STATE OF NORTH CAROLINA v. JESTON HANSON GURKINS

No. 732SC504

(Filed 22 August 1973)

1. **Indictment and Warrant § 14— motion to quash warrant — refusal to conduct voir dire — no error**
   Trial court did not err in refusing to conduct a *voir dire* before denying defendant's motion to quash the warrant against him, since the court, in ruling on such motion, may inspect the face of the warrant but may not consider extraneous evidence.

2. **Criminal Law § 84— voir dire on lawfulness of search — failure to make findings**
   Where no conflicting evidence was offered on the *voir dire* examination to determine admissibility of evidence obtained upon defendant's arrest, the trial judge's failure to make and enter findings of fact in the record was not fatal.

3. **Criminal Law § 169— denial of motion to suppress — no error**
   In a prosecution for driving under the influence, third offense, any error committed by the trial court in denying defendant's motion to suppress evidence concerning a nearly empty liquor bottle found in

his vehicle was subsequently rendered harmless by defendant's own testimony and failure to object.

**4. Automobiles § 127— driving under the influence, third offense — sufficiency of evidence**

In a prosecution for driving under the influence, third offense, the case was properly submitted to the jury where the evidence tended to show that defendant unknowingly sideswiped several cars, he was stopped shortly thereafter by a witness who was of the opinion that he was under the influence of intoxicants, a nearly empty liquor bottle was found in defendant's vehicle by a patrolman who was also of the opinion that defendant was under the influence of intoxicants, and defendant in his own testimony admitted two prior convictions for driving under the influence.

APPEAL by defendant from *Cowper, Judge,* 5 March 1973 Session of MARTIN County Superior Court.

Defendant was charged in a warrant with operating a motor vehicle under the influence of intoxicating liquor, this being the third offense. At trial in District Court he pleaded not guilty and was found guilty. Upon appeal to the Superior Court the State presented evidence which briefly summarized tended to show the following:

On the night of 17 November 1972 at approximately 9:30 p.m., Terry Roberson was sitting with three other people in a car parked on the shoulder of the highway in front of the Bear Grass High School gymnasium. He heard the noise of the car behind him being hit, he later discovered, by the front fender of a damaged pickup truck which was being towed by a wrecker. Four other parked vehicles were sideswiped. The wrecker failed to stop and continued down the highway in the direction of Stokes, N. C. Terry Roberson followed the wrecker and was able to overtake it and stop it about a mile and a half from Bear Grass, N. C. The wrecker was being driven by defendant Gurkins and Roberson told him that he had hit several cars in front of the high school. Defendant said he would pay for any damage and gave Roberson his name. Defendant then got back in the wrecker and continued toward Stokes. Terry Roberson continued to follow him.

Thad Hodges, Deputy Sheriff of Martin County, testified that he was on duty at a basketball game in the Bear Grass gymnasium on the night of 17 November 1972 and received a message that there had been a hit-and-run accident outside and that help was needed by the people who were following the wrecker

which had proceeded toward Stokes. Deputy Hodges gave pursuit and was able to overtake and stop defendant, still being followed by Roberson, in Stokes. Deputy Hodges told defendant that it was reported that he had hit some cars in Bear Grass and informed him that he was not placing him under arrest but thought it advisable that he remain in Stokes until a Highway Patrolman arrived. Stokes is located in Pitt County and out of Deputy Hodges' jurisdiction. Deputy Hodges also testified that while waiting for the patrolman he had an opportunity to observe the defendant and that defendant was a little hesitant in his walk. Also there was the odor of alcohol on his breath. Based on this observation of defendant, Deputy Hodges was of the opinion that defendant was under the influence of some intoxicant to an appreciable degree.

Walter Parrish, of the North Carolina Highway Patrol, arrived in Stokes at approximately 10:15 p.m. and testified that Gurkins told him he did not know that he had hit any cars but that others told him that he had. Patrolman Parrish stated that he noticed the odor of both whiskey and Listerine on defendant's breath and that defendant appeared red faced and glassy eyed, and swayed when he walked. Based upon these observations Parrish was of the opinion that defendant was under the influence of intoxicating liquor to an appreciable degree. Defendant and Parrish then returned to Bear Grass and further investigated the matter. Patrolman Parrish also testified that the defendant requested that he be given a breathalyzer test to prove that he wasn't under the influence. Results of that test were ruled inadmissible because the test was administered two and one half hours after the incident took place. It was while defendant was in the courthouse in Williamston and after he had taken the breathalyzer test that a warrant for his arrest was issued.

Defendant Gurkins took the stand in his own behalf and testified that he was an employee of Crisp Auto Salvage in Greenville, N. C., and was engaged in the towing of a wrecked truck for his employer on the night in question. At approximately 8:30 or 9:00 p.m., he stopped at an oyster bar in Williamston to get something to eat and took two small drinks of whiskey with his meal. He stated that this was all he had to drink on the night in question. He then proceeded toward Greenville via Bear Grass and was not aware that anything had happened until stopped by a young man a short distance from

Bear Grass. He did state that as he passed through Bear Grass, cars were parked on both shoulders of the road and that it was a "tight squeeze" due to approaching traffic from the other direction. Upon being stopped in Stokes and while waiting for the patrolman, defendant testified that he gargled with Listerine offered him by a bystander. On cross-examination, defendant testified that he had purchased a pint of Ancient Age liquor in Williamston and that Patrolman Parrish had said that he removed it from his vehicle while parked in Stokes. He couldn't explain why only a small amount of liquor was left in the bottle, unless it had run out because the bottle was not tightly capped. He still maintained that he had only two small drinks earlier from the bottle and that he was not under the influence. It was also brought out on cross-examination that defendant had been convicted on two prior occasions for driving under the influence of intoxicating liquor and that he was an alcoholic.

Defendant also offered the testimony of three witnesses who were present when he was stopped in Stokes and all three were of the opinion that defendant was rational and not under the influence of any intoxicating beverage.

On rebuttal for the State, Patrolman Parrish testified that he removed a pint bottle of Ancient Age liquor from the glove compartment of defendant's wrecker and that the bottle was almost empty.

The case was submitted to the jury and defendant was found guilty. From a judgment suspending sentence upon payment of a fine, defendant appealed.

*Attorney General Morgan, by Assistant Attorneys General Melvin and Ray, for the State.*

*Edgar J. Gurganus for defendant appellant.*

MORRIS, Judge.

[1] Defendant first assigns as error the failure of the trial judge to quash the warrant in this case on the ground that it was issued only after incriminating evidence was unlawfully obtained from the defendant and also the failure of the trial court to conduct a voir dire examination and make findings of fact upon defendant's motion to quash. It is well settled in this State that a motion to quash does not lie unless it appears from an inspection of the face of the warrant or bill of indictment

that no crime is charged or that the warrant or indictment is otherwise so defective that it will not support a judgment. A court, in ruling on the motion, is not permitted to consider extraneous evidence and when the defect must be established by evidence *aliunde* the record, the motion must be denied. *State v. Bass,* 280 N.C. 435, 186 S.E. 2d 384 (1972). It appears from the record in this case that defendant was charged in a warrant proper in form with operating a motor vehicle while under the influence of intoxicating liquor and because the trial court is not permitted to go outside the record, it was clearly not error for the court to refuse to conduct a voir dire before denying defendant's motion.

[2] Defendant next contends that the trial court failed to make findings of fact and conclusions of law following the voir dire examination held upon defendant's motion to suppress evidence obtained as a result of an illegal arrest and in failing to suppress such evidence. Upon defendant's motion to suppress, the trial court properly held a voir dire examination. At its termination, however, the court failed to make any findings of fact but simply overruled defendant's objection.

"When conflicting evidence is offered at a *voir dire* hearing held to determine the admissibility of evidence, the trial judge must make findings of fact to show the basis of his rulings on the admissibility of the evidence offered. *State v. Moore,* 275 N.C. 141, 166 S.E. 2d 53. While it is the better practice for the trial judge to make findings of fact and enter them in the record in all such cases, where, as here, there was no conflict in the evidence at the *voir dire,* the trial judge's failure to make findings of fact is not fatal. *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741; *State v. Keith,* 266 N.C. 263, 145 S.E. 2d 841." *State v. Basden,* 8 N.C. App. 401, 407, 174 S.E. 2d 613 (1970).

No evidence was offered by the defendant on voir dire, and only Patrolman Parrish testified for the State. As was said in *Basden,* it would have been better practice for the trial judge to make and enter findings of fact in the record; but because no conflicting evidence was offered on voir dire, the trial judge's failure to do so was not fatal.

[3] It is not clear from the record just what evidence defendant was seeking to suppress. However, it is clear from the evidence presented on voir dire that the liquor bottle taken from

the glove compartment of defendant's wrecker was not taken incident to a lawful arrest or volunteered by defendant and should have been ruled inadmissible. Yet no evidence concerning the liquor bottle was introduced at trial until defendant testified on cross-examination by the State that he purchased a pint of Ancient Age liquor and that "Trooper Parrish said he removed that pint of liquor from my vehicle in Stokes." No objection was raised by defense counsel nor upon Patrolman Parrish's testimony on rebuttal that the bottle of liquor was almost empty. Any error committed by the trial court in denying defendant's motion to suppress was subsequently rendered harmless by defendant's own testimony and failure of defense counsel to object, and this assignment of error is overruled.

[4] Equally without merit is defendant's contention that there was insufficient evidence to take the case to the jury. With respect to defendant's argument that the State presented no evidence as to defendant's two previous convictions before resting its case, defendant in his own testimony admitted to two prior convictions for driving under the influence. See G.S. 15-173.1. This assignment of error is overruled.

We have also examined defendant's assignments of error relating to the trial court's charge to the jury and find no prejudicial error.

No error.

Judges BRITT and PARKER concur.