STATE OF NORTH CAROLINA v. FRANKIE EUGENE RUSSELL AND JAMES L. TATUM

No. 7419SC263

(Filed 19 June 1974)

1. **Criminal Law § 66— in-court identification of defendants — failure to make findings on voir dire — no error**

    The trial court did not err in allowing an in-court identification of defendants, though the court failed to make findings of fact following a *voir dire*, since the evidence on *voir dire* was not conflicting.

2. **Criminal Law § 84; Searches and Seizures § 1— warrantless seizure of items in plain view — admissibility**

    The trial court properly denied defendant's motion to suppress evidence seized from defendant's car and properly denied defendant's request for a *voir dire* on the admissibility of the evidence where the evidence before the court indicated that items seized from the car were taken without a warrant but were in plain view of officers.

3. **Robbery § 4— robbery of service station attendant — sufficiency of evidence**

    Evidence in an armed robbery case was sufficient to be submitted to the jury where it tended to show that three men in a 1968 gold Dodge drove into the victim's service station and requested work on

the car's ignition switch, that one man held a sawed-off rifle on the victim while the others took money and a radio, that officers stopped a 1968 gold Dodge with three men in it shortly after the robbery, that a sawed-off rifle, a radio, and currency were found in the vehicle, and that the victim identified two of the men in the vehicle as the robbers.

ON *certiorari* to review a trial before *Armstrong, Judge,* 29 May 1973 Session of Superior Court held in ROWAN County. Heard in the Court of Appeals 14 May 1974.

Defendants were charged in separate bills of indictment with the felony of armed robbery. The two cases were consolidated for trial.

The State's evidence tends to show that on 26 April 1973, Elbert Grady Turner was robbed of $253.35 and one AM-FM radio valued at $60.00 at his place of employment, Wilhoit's Texaco Service Station, in Rowan County, North Carolina. Turner stated that there were three men in a 1968 gold Dodge that drove into his service station and requested work to be done on the ignition switch. Turner identified defendants Russell and Tatum as two of the three men in the car, and further identified defendant Tatum as the man who held a .22 caliber sawed-off rifle on Turner during the robbery.

Michael Basinger arrived at the service station at the time of the robbery and observed three black men getting into the Dodge and leaving at a high rate of speed. Turner informed Basinger of the robbery and called the police.

In response to a call to be on the lookout for the particular vehicle, Deputy Sheriff Sloop stopped the 1968 two-door hardtop gold Dodge containing three black males. In the process of asking for the driver's license and registration, Deputy Sloop observed a partially-covered firearm on the lap of one of the men in the back seat. The three were placed under arrest and taken to the North Kannapolis jail where Elbert Turner identified the two defendants.

Prior to the preliminary hearing, Turner and Basinger were shown four photographs of four black men. Turner identified three of the four photographs as being the robbers, two of the three photographs being photographs of the defendants. Basinger could only positively identify defendant Russell's photograph from the group of four.

The defendants offered no evidence.

From verdicts of guilty and judgment entered thereon, defendants appealed to this Court.

*Attorney General Morgan, by Assistant Attorney General Jones, for the State.*

*J. Stephen Gray, for the defendant Russell.*

*Richard F. Thurston, for the defendant Tatum.*

BROCK, Chief Judge.

Defendants contend the trial court committed error in concluding as a matter of law that the in-court identification of the defendants was proper.

[1]  Defendants first argue that the trial court committed error in failing to make specific findings of fact following a *voir dire*. While defendants admit there was an extensive *voir dire* conducted in regard to witness Turner's identification, defendants contend the trial court made no findings of fact to support its conclusion of law that the identification procedure was based upon observation of the defendants at the scene of the robbery, and not identification made at the North Kannapolis Police Station.

The witnesses Turner and Basinger testified that they had observed defendants at the scene of the robbery for a period of time which would allow them to unequivocally state that the identification of the defendants during the trial was based upon observations made at the scene, and not upon observation of the defendants at the police station on the date of the robbery, nor upon random selection of photographs of defendants prior to the preliminary hearing. No conflicting evidence was offered.

In the absence of conflicting evidence at the *voir dire*, it is not required of the trial judge to make findings of fact and enter them in the record, although it is a better practice. The failure of making such findings will not be deemed prejudicial error. *State v. Gurkins,* 19 N.C. App. 226, 198 S.E. 2d 448.

[2]  Defendants contend the trial court committed error in allowing into evidence articles seized from defendants' car after it was stopped by Deputy Sloop. They also contend that a *voir dire* should have been held before admitting evidence seized in a search of defendants' car.

The evidence seized from defendants' vehicle consisted of a sawed-off .22 caliber rifle, an AM-FM radio belonging to witness Turner, and a blue cap worn by witness Turner prior to the robbery. The description of the vehicle employed at the robbery scene matched that of defendants' vehicle in detail. When Deputy Sloop, who was on the lookout for such a vehicle, observed and stopped the vehicle, there was sufficient probable cause to suspect that this vehicle was the one used in the robbery.

After the vehicle was stopped, Deputy Sloop observed the sawed-off .22 rifle in the lap of one of the occupants of the back seat. The defendants and the other male were then requested to sit in the deputy's vehicle until the North Kannapolis police arrived. In attempting to cut off the engine in the then-abandoned car, Officer Sloop found witness Turner's cap on a seat of the car. The hat contained a large amount of currency. The ignition switch and wiring in defendants' car had been removed from its proper place and was lying on the dash. The officers were unable to stop the engine. The vehicle was driven by an officer to the North Kannapolis Police Station, and as Officer Smith was assisting in efforts to stop the engine, he observed Turner's radio sitting on the back seat of the defendants' car.

It is not clear from the record that defendants were placed under arrest by Deputy Sloop when he requested them to sit in his vehicle until the North Kannapolis officers arrived. Conceding, however, that an arrest was made by Deputy Sloop without a warrant, G.S. 15-41 states that a peace officer may without warrant arrest a person when he has reasonable ground to believe the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody. From the evidence then before the Court, it was clear that the Deputy had reasonable grounds to believe that defendants had committed the felony of armed robbery. The evidence showing reasonable grounds to arrest was already before the court. Therefore, a *voir dire* to determine the validity of the arrest was not necessary. A warrantless search of the vehicle under these same circumstances would have been justfied. However, it seems that no search was conducted; the evidence seized was in clear view of the officers. Therefore, a *voir dire* to determine the validity of the search was not necessary. The trial judge was correct in denying the motion to suppress the evidence, and in denying defendants' request for a *voir dire.*

**[3]** Defendants contend the trial court erred in failing to dismiss at the close of State's evidence and at the close of all the evidence.

Motion to nonsuit requires the court to consider the evidence presented in the light most favorable to the State and take it as true, giving the State every reasonable intendment and inference to be drawn therefrom. We find there was sufficient evidence presented to require submission of the case to the jury. This assignment of error is overruled.

We have reviewed the trial judge's instructions to the jury and, in our opinion, the jury was instructed upon the applicable principles of law. We find no prejudicial error in the charge.

No error.

Judges CAMPBELL and BRITT concur.