STATE OF NORTH CAROLINA v. JOHN HENRY McGUIRE

No. 8023SC330

(Filed 7 October 1980)

1. **Criminal Law § 66.20– pretrial identification procedures – voir dire hearing – failure to find facts**

   While it is preferable that the trial judge make detailed findings of fact after a hearing to determine whether out-of-court identification procedures were impermissibly suggestive, failure to do so is not error when there is no conflict in the evidence presented at the hearing.

2. **Criminal Law § 66.3– pretrial identification procedures – finding of no impermissible suggestiveness – review by appellate court**

   Where the trial judge finds and concludes that out-of-court identification procedures were not "impermissibly suggestive," such finding and conclusion is binding on the appellate court when the record contains evidence supporting the finding and conclusion.

3. **Criminal Law § 66.9– photographic identification procedure – photographs different size – some photographs in color**

   The fact that photographs first exhibited to a witness were not all the same size and some were in color while others were in black and white did not render the photographic identification improper.

4. **Criminal Law § 66.6– lineup – officer telling defendant to hold head up**

   Evidence tending to show that defendant held his head down at a lineup and was told by the officer in charge to "hold your head up" does not require a finding that the lineup was impermissibly suggestive, especially where the evidence tends to show that all of the people in the lineup were black males of similar age and physical characteristics.

5. **Criminal Law § 66.15– in-court identification – independent origin – no taint from pretrial procedures – failure to make detailed findings**

   The trial court did not err in failing to make detailed findings of fact after a *voir dire* hearing on defendant's motion to suppress the in-court identification of defendant as the perpetrator of the crimes charged on the ground that certain out-of-court identification procedures were impermissibly suggestive where the court found that out-of-court identification proce-

State v. McGuire

dures were not impermissibly suggestive; the trial court's denial of defendant's motion implicitly included a conclusion that the victim's in-court identification of defendant was of independent origin and not tainted by any out-of-court identification procedure; and the proximity of the victim to defendant for more than an hour and the victim's opportunity to observe defendant during daylight hours clearly demonstrate that his in-court identification was of independent origin and not tainted by any out-of-court procedure.

6. **Criminal Law § 86.6– impeachment – refusal to play back voir dire testimony**
Where the victim testified on cross-examination that he did not recall his testimony on a particular point during a *voir dire,* the trial court did not err in refusing to play back the *voir dire* as a method of impeaching the victim.

7. **Criminal Law § 71– shorthand statement of fact**
An officer's testimony that the victim's wrists "had marks coming all the way around as if it had been tied" was competent as a shorthand statement of fact.

8. **Criminal Law § 34.5– officer's communications with Department of Corrections – relevancy to show how person matching victim's description was found**
An officer's testimony concerning "communications with the Department of Corrections" was relevant to show how the police came to find a person matching the description given by a victim of kidnapping and crime against nature; furthermore, defendant was not prejudiced by such testimony since any connection between defendant and prisoners in a nearby correctional center was quickly dispelled by an officer's testimony that all the inmates were accounted for.

9. **Crime Against Nature § 3; Kidnapping § 1.2– sufficiency of evidence**
The State's evidence was sufficient for the jury in a prosecution for the kidnapping of and crime against nature with an eleven year old boy.

10. **Kidnapping § 1.3– kidnapping person under age 16 – absence of parents' consent – erroneous instruction – absence of prejudice**
Defendant was not prejudiced by a portion of the charge in which the court stated that two of the essential elements of kidnapping a person under the age of 16 were "that the victim did not consent, that the victim had not reached his sixteenth birthday," where the court in other portions of the charge instructed the jury that before it could find defendant guilty of kidnapping the State must prove beyond a reasonable doubt, among other things, that "he had not reached his sixteenth birthday; and that his *parents* did not consent to his confinement or restraint."

APPEAL by defendant from *Riddle, Judge.* Judgment entered 27 September 1979 in Superior Court, WILKES County. Heard in the Court of Appeals on 10 September 1980.

Defendant was charged with kidnapping in violation of G.S. § 14-39 and with crime against nature in violation of G.S. §

14-177. On 19 September 1979, before trial, defendant moved to suppress the identification testimony of the prosecuting witness on the grounds that a lineup and certain photographic identification procedures in which the prosecuting witness identified defendant were impermissibly suggestive. A *voir dire* hearing was conducted and the court thereafter denied the motion.

The State's evidence tended to show the following:

On 16 May 1979, the prosecuting witness, eleven years of age, was at a city park participating in a baseball team practice that ended around 6:30 p.m. While the prosecuting witness was waiting for his father to pick him up, he was approached by a man, identified as defendant, wearing beige pants and a yellow cap. Defendant began talking with the prosecuting witness, then grabbed the youth's arm and dragged him into some nearby woods beside a "little creek." The prosecuting witness tried to resist, saying, "I want to go home," but defendant replied, "Hush up," in a "mean kind of way." Defendant tied the prosecuting witness' hands with a piece of rope, laid him on the ground on his stomach, and proceeded to remove his pants and underwear. Defendant "raped" the prosecuting witness for "about thirty minutes." Defendant then took the prosecuting witness, whose hands remained tied, to several other areas within the park, ducking out of sight when a car passed. Defendant then took the prosecuting witness behind a warehouse, where defendant again "raped" the prosecuting witness for "about twenty or thirty minutes." Defendant then cut the rope holding the prosecuting witness' hands together, telling the youth that if anyone was told, defendant would kill the youth's parents. Defendant walked away and the prosecuting witness ran to a nearby store where an employee called the youth's parents.

Defendant offered no evidence.

Defendant was found guilty as charged in both cases and from judgments imposing prison sentences of "not less than forty (40) nor more than forty-five (45) years ..." for kidnapping and "not less than nor more than ten (10) years ..." for crime against nature, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Douglas A. Johnston, for the State.*

*Max F. Ferree, by William C. Gray, Jr., for the defendant appellant.*

HEDRICK, Judge.

By his first and second assignments of error, defendant argues that the trial judge erred in failing to make "proper and required" findings of fact after a *voir dire* hearing on defendant's motion to suppress the witness' in-court identification of defendant as the perpetrator of the crimes charged because certain out-of-court identification procedures were impermissibly suggestive.

In determining whether out-of-court identification procedures are impermissibly suggestive, the trial judge must evaluate several factors, such as the opportunity of the witness to view the criminal at the time of the crime, the degree of attention of the witness, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the challenged confrontation, and the length of time between the crime and the confrontation. *State v. Nelson*, 298 N.C. 573, 260 S.E. 2d 629 (1979); *State v. Henderson*, 285 N.C. 1, 203 S.E. 2d 10 (1974), *modified*, 428 U.S. 902, 96 S. Ct. 3202, 49 L. Ed. 2d 1205 (1976). Based on these factors, he must find whether under the totality of the circumstances the out-of-court procedures were so impermissibly suggestive and conducive to irreparable mistaken identification as to be a denial of due process. *State v. Watson*, 294 N.C. 159, 240 S.E. 2d 440 (1978); *State v. Yancey*, 291 N.C. 656, 231 S.E. 2d 637 (1977).

[1,2]  While it is preferable that the trial judge make detailed findings of fact after a hearing to determine whether out-of-court identification procedures were impermissibly suggestive, failure to do so is not error when there is no conflict in the evidence presented at such a hearing. *State v. Dunlap*, 298 N.C. 725, 259 S.E. 2d 893 (1979); *State v. Covington*, 290 N.C. 313, 226 S.E. 2d 629 (1976); *State v. Russell*, 22 N.C. App. 156, 205 S.E. 2d 752, *cert. denied and appeal dismissed*, 285 N.C. 667, 207 S.E. 2d 764 (1974). Where, as here, the trial judge finds and concludes that the out-of-court identification procedures were not "impermissibly suggestive," such a finding and conclusion is binding on the appellate court when the record contains evidence supporting such a finding and conclusion. *State v. Dunlap, supra; State v. Gibbs*, 297 N.C. 410, 255 S.E. 2d 168 (1979). Moreover, it

is not error to admit the in-court identification of defendant as the perpetrator of the crime by the witness, when the record discloses that the out-of-court identifications are not impermissibly suggestive, and the in-court identification is of independent origin and based solely on what the witness observed during the commission of the crime. *State v. Hamilton*, 298 N.C. 238, 258 S.E. 2d 350 (1979); *State v. Simms*, 41 N.C. App. 451, 255 S.E. 2d 282 (1979).

[3] In the present case, the trial judge did find and conclude that the out-of-court identification procedures were not impermissibly suggestive. We have carefully reviewed the evidence adduced on *voir dire* and find it not to be in conflict with respect to any material fact and the evidence supports the conclusion made by the trial judge. The evidence on *voir dire* tending to show that the photographs first exhibited to the witness were not all the same size, and that some of the photographs were in color while others were in black and white, is of no legal significance and clearly does not require a finding on the part of the trial judge that the photographic identification procedure was not improper. The evidence regarding the photographic identification clearly supports the finding and conclusion of the trial judge in that respect.

[4] Evidence tending to show that defendant at the "lineup" held his head down and was told by the officer in charge to "hold your head up" is not sufficient to dictate a finding by the trial judge that the lineup was impermissibly suggestive. This is especially true when the evidence tends to show that all of the people in the lineup were black males of similar age and physical characteristics. The evidence, in our opinion, supports the trial judge's finding and conclusion regarding the lineup procedure.

[5] Finally, implicit in the finding of the trial judge, and in his denial of the motion to suppress, is the conclusion that the in-court identification by the prosecuting witness was of independent origin and based solely on what he observed and experienced during the commission of the crime, and such an in-court identification was not tainted by any out-of-court identification procedure. Throughout, the witness insisted that his assailant had a "large long scar approximately an inch and a half long located one inch above his right eyebrow," and the

record discloses that defendant did have such a scar. From the outset, the witness was able to give a description of defendant which ultimately led to his apprehension. A significant portion of the time that the witness was in defendant's presence occurred during daylight hours. Also, the testimony indicates that the witness was in the presence of defendant for more than one hour. The proximity of the witness to defendant, and the witness' opportunity to observe, demonstrate clearly that his in-court identification of defendant was of independent origin and not tainted by any out-of-court procedure. The totality of the circumstances in this case requires a holding on our part that the denial of defendant's motion to suppress and the admission of the testimony of the prosecuting witness with respect to the identification of defendant was not error. These assignments of error have no merit.

[6] On cross-examination, counsel for defendant asked the prosecuting witness several questions regarding whether he remembered telling counsel that "of those five pictures, four of them were color pictures and one picture was black and white" and that "the one black and white picture in the group was larger than the four colored pictures." The prosecuting witness insisted that he did not recall precisely what he had told counsel "this morning" (referring to the *voir dire*). Counsel for defendant then asked the court to "play back the voir dire to refresh his recollection." The court denied the motion and the exception to this ruling is the basis for defendant's third assignment of error. In his brief, defendant contends that the witness' response that he could not recall what he said earlier "is a prior inconsistent statement ..." and that "the Voir Dire should have been played back as a method of impeaching the witness." Obviously, at trial counsel sought to "refresh his recollection" and on appeal he wishes to argue that his purpose was to impeach the witness. If the witness did not remember his earlier testimony, a reading of that testimony would not reveal a prior statement inconsistent with his current testimony. A reading of the witness' testimony on *voir dire*, in addition, would defeat the very purpose of conducting a *voir dire* outside the hearing of the jury. Finally, the scope of cross-examination is largely within the discretion of the trial judge and his rulings thereon will not be disturbed on appeal except when prejudicial error is disclosed. *State v. Mayhand*, 298 N.C. 418, 259 S.E. 2d 231 (1979). We hold this assignment of error to be meritless.

State v. McGuire

[7] Defendant contends in his fourth assignment of error that the trial judge erred in "allowing a police officer not qualified as an expert witness to give his opinion as to certain markings on the wrist of the prosecuting witness." This assignment of error is based upon the following testimony at trial:

Q. What, if anything, did you observe about his wrists?

A. His wrists had marks coming all the way around as if it had been tied.

The response of the police officer is not an "opinion," but is merely a shorthand statement of a material and relevant fact, and as such obviously did not prejudice defendant in any way. Defendant's fourth assignment of error is thus without merit.

[8] In his fifth assignment of error, defendant argues that the trial judge erred in "allowing Officer David Pendry to testify as to communications with the Department of Corrections." Defendant contends that this testimony was "irrelevant evidence whose admission had the sole effect of exciting the prejudice of the jury." We disagree. The officer's testimony was relevant to show how the police came to find a person matching the description given by the prosecuting witness. We also fail to see where any prejudice to defendant resulted from the testimony, since any connection between defendant and prisoners in a nearby correctional center was quickly dispelled by the officer's testimony that "all the inmates were accounted for." This assignment of error is meritless.

[9] Defendant's seventh assignment of error is addressed to the denial of his motions to dismiss and for judgment as of nonsuit. Suffice it to say the evidence is sufficient to require submission of these cases to the jury and to support the verdict. No useful purpose would be served by further elaboration on the evidence and the several elements comprising the crimes charged in the bills of indictment.

[10] Based on an exception duly noted in the record, defendant in his final assignment of error argues that the court erred in not adequately describing the essential elements of the crime of kidnapping. The portion of the charge to which defendant excepts is as follows: "that the victim did not consent, that the victim had not reached his sixteenth birthday, ..." Defendant argues that the court should have instructed the jury "[t]hat

the victim had not reached his 16th birthday and his parents did not consent to this confinement, restraint, or removal." It is true that G.S. § 14-39(a) provides:

> Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, *or any other person under the age of 16 years without the consent of a parent or legal custodian of such person*, shall be guilty of kidnapping . . . (Our emphasis)

In his instructions to the jury, the trial judge, in delineating the several elements of the crime of kidnapping, instructed the jury that before it could find defendant guilty of kidnapping, the State must prove beyond a reasonable doubt, among other things, that "he had not reached his sixteenth birthday; and that his parents did not consent to this confinement or restraint." We hold that the charge, when read contextually as a whole, was free from prejudicial error, and defendant was in no way prejudiced by that portion of the charge to which he excepted.

We hold that defendant had a fair trial free from prejudicial error.

No error.

Judges HILL and WHICHARD concur.