An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-579
NORTH CAROLINA COURT OF APPEALS

Filed:  7 January 2014

STATE OF NORTH CAROLINA

v.                                  Mecklenburg County
                                    No. 11 CRS 232023
CHARLES VAN PEAY,
    Defendant.


Appeal by defendant from judgment entered 13 December 2012 by Judge Alexander Mendaloff III in Mecklenburg County Superior Court.  Heard in the Court of Appeals 4 November 2013.

> *Roy Cooper, Attorney General, by Kimberly N. Callahan, Assistant Attorney General, for the State.*
>
> *Charlotte Gail Blake, for defendant-appellant.*


MARTIN, Chief Judge.


Defendant Charles Van Peay appeals from a judgment entered upon a jury verdict finding him guilty of failure to register as a sex offender by failing to notify the sheriff's office of an address change.  For the reasons stated herein, we find no error in defendant's trial.

Defendant was convicted of second-degree rape in 1978.  As

a result of this conviction, defendant was required to register as a sex offender in the county in which he resided pursuant to N.C.G.S. § 14-208.7(a). Defendant received and signed a letter, dated 31 October 2008, notifying him of statutory amendments that required him to appear in person and provide written notification of an address change to the sheriff's office of the county with which he had last registered within three days of the change.

Defendant submitted written notice of a change of address to the Mecklenburg County sheriff's office, reporting the Men's Shelter of Charlotte as his address, on 17 December 2010. On 6 May 2011, defendant signed an address verification letter he received from the State, verifying his residence at the Men's Shelter. After 6 May 2011, defendant did not notify the sheriff's office of any change in his address until 11 July 2011. Attendance records from the Men's Shelter, however, indicate that defendant did not stay at the facility after 7 June 2011 until 30 June 2011. The records further showed that defendant did not stay at the Men's Shelter again after 30 June 2011.

Defendant was subsequently indicted for violating N.C.G.S. § 14-208.11 by failing to provide written notice of his change of address to the sheriff's office within the required three-day

period. At trial, defendant filed a motion to dismiss as well as a "Motion in Limine to Exclude Evidence Obtained in Violation of N.C.G.S. § 122C."[1] These motions were heard prior to jury selection. Defendant argued both motions in tandem on the grounds that the Men's Shelter was a facility covered under N.C.G.S. § 122C and, therefore, information regarding his presence at or absence from the Men's Shelter was confidential information that was unlawfully disclosed to law enforcement officers without defendant's express authorization.

The State requested that the trial court summarily deny the motion to exclude, arguing that the motion was equivalent to a motion to suppress and did not include a supporting affidavit as required by N.C.G.S. § 15A-977. Without ruling on the State's

---

[1] We treat defendant's "Motion in Limine to Exclude Evidence Obtained in Violation of N.C.G.S. § 122C" as a motion to suppress evidence. "Upon timely motion, evidence must be suppressed if: (1) Its exclusion is required by the Constitution of the United States or the Constitution of the State of North Carolina." N.C. Gen. Stat. § 15A-974(a)(1) (2011). Because defendant moved to exclude the evidence "pursuant to Article I, Sections Nineteen and Twenty-Three of the North Carolina Constitution," his motion is treated as a motion to suppress under N.C.G.S. § 15A-974(a)(1) and is subject to the procedural requirements of N.C.G.S. § 15A-977. *See State v. Reavis*, 207 N.C. App. 218, 222, 700 S.E.2d 33, 36–37 ("The legal grounds upon which defendant sought the exclusion of the recorded interview were constitutional, so a pretrial motion to suppress was required."), *disc. review denied*, 364 N.C. 620, 705 S.E.2d 369 (2010); *State v. Conard*, 54 N.C. App. 243, 244, 282 S.E.2d 501, 503 (1983) ("The exclusive method of challenging the admissibility of evidence upon the grounds specified in G.S. § 15A-974 is a motion to suppress evidence which complies with the procedural requirements of G.S. § 15A-971 *et seq*.").

request, the trial court allowed defendant to call Ashley Milano-Barnett, the associate director for client services at the Men's Shelter, to testify for the limited purpose of determining whether the Men's Shelter was a facility covered under N.C.G.S. § 122C and thus subject to the statute's restrictions against the disclosure of confidential information. Ms. Milano-Barnett was the only witness to testify at the voir dire hearing.

On voir dire, Ms. Milano-Barnett testified that the Men's Shelter is a private, nonprofit organization that voluntarily adheres to the regulations under N.C.G.S. § 122C; however, it is not legally required to do so. Ms. Milano-Barnett further testified regarding the Men's Shelter's operating procedures manual, which sets forth the facility's policies for the release of confidential information. While the stated policies generally follow the provisions of N.C.G.S. § 122C, the manual also includes an exception for the release of information to law enforcement officers that is not provided under the statute. The exception states that the Men's Shelter will provide law enforcement officers information limited to whether a person has stayed at the facility and confirmation of the person's identity. Persons staying at the Men's Shelter are informed at the time of admission that disclosure may be made of pertinent

information without their written consent.

After hearing the parties' arguments, the trial court orally denied both of defendant's motions and declined to make findings of fact as to its ruling. A jury convicted defendant, and the trial court entered judgment sentencing defendant to a term of 25 to 30 months imprisonment. Defendant appeals.

_____

Defendant's sole argument on appeal is that the trial court erred by denying his motions without making findings of fact. Defendant contends there was a material conflict in the evidence presented on voir dire as to whether the Men's Shelter was a covered facility and required to comply with the confidentiality restrictions of N.C.G.S. § 122C. This conflict, he argues, required the trial court to make findings of fact when ruling on the motions. We disagree.

Our review of a trial court's ruling on a motion to suppress evidence "is strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). When a trial court conducts a voir dire hearing to determine the admissibility of

evidence, the court generally should make findings of fact to show the bases of its ruling. *State v. Phillips*, 300 N.C. 678, 685, 268 S.E.2d 452, 457 (1980). Where there is no material conflict in the evidence offered on voir dire, however, findings of fact are not required, although it is the better practice for the trial court to make them. *Id.* In the event there is no material conflict in the evidence and the trial court makes no findings of fact, "the necessary findings are implied from the admission of the challenged evidence." *Id.*

"[A] material conflict in the evidence exists when evidence presented by one party controverts evidence presented by an opposing party such that the outcome of the matter to be decided is likely to be affected." *State v. Baker*, 208 N.C. App. 376, 384, 702 S.E.2d 825, 831 (2010). A material conflict in the evidence therefore does not exist where the evidence presented on voir dire is unchallenged by the opposing party. *See, e.g.*, *State v. Williams*, 195 N.C. App. 554, 555–56, 673 S.E.2d 394, 395 (2009) (concluding that no material conflict in the evidence existed where only one witness testified in connection with the State's motion to suppress and defendant presented no evidence), *appeal after remand*, 204 N.C. App. 212, 694 S.E.2d 522 (2010); *State v. Thompson*, 187 N.C. App. 341, 348, 654 S.E.2d 486, 491 (2007) ("In the case *sub judice*, there was no conflict in the

evidence, as Greene was the only *voir dire* witness on the issue."). Furthermore, a material conflict in the evidence does not arise where a party merely cross-examines the opposing party's witness. *See Baker*, 208 N.C. App. at 383, 702 S.E.2d at 830. Thus, while it is the better practice for a trial court to make findings of fact after a voir dire hearing, failure to make findings of fact is not fatal where the evidence presented is unchallenged by the opposing party. *See State v. Gurkins*, 19 N.C. App. 226, 230, 198 S.E.2d 448, 451 (1973).

In this case, the trial court did not err by denying defendant's motion to suppress without making findings of fact. The court could have summarily denied the motion based on defendant's failure to submit an accompanying affidavit alone. *See* N.C. Gen. Stat. § 15A-977(c)(2) (2011). Nevertheless, the court properly exercised its discretion and held a voir dire hearing on the motion. *See State v. O'Connor*, __ N.C. App. __, __, 730 S.E.2d 248, 251–52 (2012) (concluding that the trial court did not err by proceeding to conduct a voir dire hearing on defendant's motion to suppress where the court could have summarily denied the motion for lack of an adequate accompanying affidavit). On voir dire, the State offered no evidence, and only Ms. Milano-Barnett testified for the defense. Accordingly, there was no material conflict in the evidence, and the trial

court was not required to make findings of fact.

Moreover, the trial court was not required to make findings of fact as to its ruling on defendant's motion to dismiss, because no material conflict existed in the evidence and defendant failed to offer any evidence of a flagrant violation of his constitutional rights or irreparable prejudice to the preparation of his case. A trial court must grant a motion to dismiss where "[t]he defendant's constitutional rights have been flagrantly violated and there is such irreparable prejudice to the defendant's preparation of his case that there is no remedy but to dismiss the prosecution." N.C. Gen. Stat. § 15A-954(a)(4) (2011). "As the movant, [the] defendant bears the burden of showing the flagrant constitutional violation and of showing irreparable prejudice to the preparation of his case." *State v. Williams*, 362 N.C. 628, 634, 669 S.E.2d 290, 295 (2008).

A trial court generally must conduct a hearing upon a motion to dismiss and make findings of fact to show the basis of its ruling. *See State v. Rasmussen*, 158 N.C. App. 544, 561, 582 S.E.2d 44, 56, *disc. review denied*, 357 N.C. 581, 589 S.E.2d 362 (2003). As with a motion to suppress, however, a trial court need not make findings of fact when ruling on a motion to dismiss where there is no material conflict in the evidence.

*See id.; State v. Major*, 84 N.C. App. 421, 426, 352 S.E.2d 862, 866 (1987). Furthermore, if a defendant fails to demonstrate a flagrant constitutional violation or irreparable prejudice to the preparation of his or her case, the trial court may deny the defendant's motion to dismiss without making findings of fact. *See State v. Curmon*, 295 N.C. 453, 456-57, 245 S.E.2d 503, 505 (1978) (holding that the trial court did not err by denying defendant's motion to dismiss without making specific findings of fact where the motion spoke only of unspecified constitutional infringements and failed to show irreparable prejudice to the preparation of his case).

In the present case, not only was there no material conflict in the evidence presented on voir dire but defendant failed to show how the disclosure of information regarding his presence at or absence from the Men's Shelter amounted to a flagrant violation of his constitutional rights or irreparable prejudice to the preparation of his case. Accordingly, the trial court did not err in denying defendant's motions without making findings of fact.

No Error.

Judges STEELMAN and DILLON concur.

Report per Rule 30(e).